**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHY CALDWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-247** |
| **EINSTEIN CHARTER SCHOOL** | **DIVISION "5"** |

**ORDER AND REASONS**

Before the Court is the Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), 12(b)(2), and 12(b)(6) (rec. doc. 14) filed by Defendant, The Einstein Group, Inc. ("Einstein" or "Defendant"). *Pro se* Plaintiff Kathy Caldwell filed an opposition to the motion (rec. doc. 16), and Defendant filed a reply. (Rec. doc. 22). Also before the Court is Plaintiff's Motion for an Appointment of an Attorney. (Rec. doc. 13). There is no opposition to this motion and no other pleadings related to it. Having reviewed all of the pleadings and the applicable law, the Court rules as follows.

## I. Background

Einstein is a non-profit corporation organized under Louisiana law. (Rec. doc. 14-2). Caldwell filed this lawsuit against "Einstein Charter Schools" on February 27, 2026. (Rec. doc. 4 at 1). Caldwell alleges that she is over 40 years old and began her employment as a teacher at Einstein Charter School on August 16, 2024. (*Id.* at 4). She remained in this position for less than one year, until her May 23, 2025 termination. (*Id.* at 5).

During the course of her employment, Caldwell alleges that she "attempted to file charges" regarding non-descript "job harassment" on an unspecified date in 2024. (*Id.* at 4). At an unspecified time thereafter, she was "placed on medical leave by [her] physician from Oct[ober] 2024 to December 2024." (*Id.* at 4-5). Caldwell maintains that this leave was prompted by "continued harassment affect[ing] [her] mental and physical health." (*Id.* at 5).

Einstein terminated her employment on May 23, 2025, nearly six months later. (*Id.*). Against this backdrop, Caldwell alleges that Einstein violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Americans with Disabilities Act of 1990 ("ADA") by terminating her employment, failing to accommodate her alleged disability, and retaliating against her. (*Id.* at 3-4).

## II. Rules 12(b)(4) and 12(b)(5)

Defendant first moves to dismiss Plaintiff's Complaint on the grounds of insufficient service of process under Rules 12(b)(4) and 12(b)(5). Defendant challenges both the form of the process and how process was served. Under Rules 12(b)(4) and (5), a complaint may be dismissed for either insufficient process or insufficient service of process. "An objection under Rule 12(b)(4) concerns the form of the process" rather than the manner or method of its service and "is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Hayes v. PHH Mortg. Corp.*, No. 3:25-CV-01056-E-BT, 2026 WL 827616, at *1–2 (N.D. Tex. Feb. 11, 2026), *report and recommendation adopted*, No. 3:25-CV-01056-E-BT, 2026 WL 824574 (N.D. Tex. Mar. 25, 2026); *Johnson v. Crosby Elementary Sch.*, No. 3:23-CV-2010-B, 2024 WL 3641752, at *7 (N.D. Tex. Aug. 2, 2024) (quoting *Shivers v. Akima Intra-Data*, No. 2:07 CV 55, 2008 WL 3992669, at *3 (S.D. Miss. Aug. 21, 2008)). "Thus, Rule 12(b)(4) is the proper challenge, for instance, when it is alleged that the Summons and Complaint do not properly name the party on whom the Summons and Complaint is served." *Shivers*, 2008 WL 3992669, at *3 (noting that a motion under Rule 12(b)(4) is "fairly rare" other than those cases in which it is confused with a motion under Rule 12(b)(5)).

An objection under Rule 12(b)(5), on the other hand, challenges the plaintiff's method of service or the lack of delivery of the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).

*Pro se* litigants are not relieved of the requirements of Rules 12(b)(4) and 12(b)(5). *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). Caldwell bears the burden of proving that service was sufficient in both form and process. *Coleman v. Bank of New York Mellon*, 969 F. Supp. 2d 736, 744 (N.D. Tex. 2013) (citing *Lechner v. Citimortgage, Inc.*, 4:09–CV–302, 2009 WL 2356142, at *1 (N.D. Tex. July 29, 2009)) ("The plaintiff bears the burden of proof regarding sufficiency of the process [under Rule 12(b)(4)]."); *see also Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) ("When service of process is challenged [under 12(b)(5)], the serving party bears the burden of proving its validity or good cause for failure to effect timely service.").

Ultimately, "[t]he district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 788 F.2d 1115, 1116 (5th Cir. 1986) (per curiam).[1]

"[A] Court rarely dismisses a case due to the failure to properly serve a defendant" and "[o]n occasions where the Court has granted dismissal for improper service, it was only after multiple chances were given." *Coleman v. Carrington Mortg. Servs., L.L.C.*, No. 4:19-CV-

[1] *See also 5B Wright and Miller's Federal Practice and Procedure* § 1354 (4th ed.) (collecting cases) ("Motions under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) differ from the other motions permitted by Rule 12(b) somewhat in that they offer the district court a course of action – quashing the process without dismissing the action – other than simply dismissing the case when the defendant's defense or objection is sustained.").

00231, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020); *Bowling v. Childress-Herres,* No. 4:18-CV-610, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019) (providing plaintiff multiple opportunities to serve defendant).

Although Plaintiff's *pro se* status does not excuse a failure to serve, the record reveals that she has, in fact, served Defendant, albeit with certain deficiencies in both the form and method of service. Most importantly, the Court finds that based on Defendant's filing of the motion to dismiss, Defendant has actual notice of this lawsuit. *See Sys. Signs Supplies*, 903 F.2d at 1013-14 (recognizing that defendants' actual notice and plaintiff's repeated efforts to serve, when coupled with his *pro se* status, "arguably provide grounds for leniency in considering the technical imperfections of service."). What is more, there is no indication that Plaintiff needed "multiple chances to properly effect service" – this motion is the first time the Court has had to address the propriety of Plaintiff's service on Defendant.

Thus, in view of Plaintiff's *pro se* status, her efforts to serve, and Defendant's actual notice of this case, this Court grants leniency rather than dismissal. Indeed, dismissal is generally not appropriate unless "there is no reasonably conceivable means of acquiring jurisdiction over the person of a defendant." *See Currington v. XTO Energy, Inc.*, No. 1:12-CV-589, 2013 WL 12155258, at *1 (E.D. Tex. July 2, 2013) (citation omitted). Here, Defendant is a non-profit corporation organized under the laws of Louisiana and domiciled here in New Orleans.[2] For these reasons, the undersigned denies Defendant's motion under Rules 12(b)(4) and 12(b)(5).

---

[2] (Rec. doc. 14-2). Defendant argues that Plaintiff's deficiencies in service of process renders this Court without personal jurisdiction over it. For the reasons just stated in the sentence foot-noted above, this is a specious argument, and the Court need not consider Defendant's argument under Rule 12(b)(2), which challenges the Court's personal jurisdiction over Defendant.

## III. Rule 12(b)(6)

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted); *Terry v. Orleans Par. Just. Ctr.*, No. CV 24-2535, 2026 WL 1689559, at *1–2 (E.D. La. May 19, 2026), *report and recommendation adopted*, No. CV 24-2535, 2026 WL 1682206 (E.D. La. June 10, 2026).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach used in *Twombly*. *Clofer v. Connick*, Civ. A. No. 23-6268, 2024 WL 4855475, at *2 (E.D. La. Nov. 21, 2024), *appeal dismissed*, No. 25-30139, 2025 WL 2020968 (5th Cir. Apr. 29, 2025). The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). This does not mean, however, that a court "will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009). Even a liberally-construed pro se complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

**A. Title VII**

Title VII protects against unlawful employment action taken "because of [the employee's] *race, color, religion, sex, or national origin*." 42 U.S.C. § 2000e-2 (emphasis added). The plain text of the statute excludes coverage for age and disability-based discrimination because those claims lie within the purview of the ADEA and ADA, respectively. *See* 29 U.S.C. § 623; 42 U.S.C. § 12112; *see also Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) ("[Plaintiff's] Title VII claim fails because Title VII does not proscribe discrimination on the basis of disability."); *Fields v. Tex. Cent. Educ. Agency*, 754 F. Supp. 530, 533 (E.D. Tex. 1989) ("Plaintiffs evidently do not recognize that age discrimination is outside the scope of Title VII of the Civil Rights Act of 1964.").

In this case, Plaintiff selected only "age" and "disability or perceived disability" as the bases for her claims in Sections III (A) and (D) of the Court's *pro se* Complaint form. (Rec. doc. 4 at 4). Conversely, the protected characteristics that would trigger applicability of Title VII, *i.e.*, race, color, gender/sex, religion, and national origin, are conspicuously left blank. (*Id.*). Likewise, Plaintiff's sparse facts section is devoid of any basis for a claim cognizable under Title VII. (*Id.* at 4-5). Accepting Plaintiff's allegations as true, the Complaint fails to

state any claim for which relief may be granted under the plain language of Title VII.[3] Because Plaintiff's purported Title VII claims fail as a matter of law, any attempt to cure such deficiency via amendment would be futile. *See, e.g., Varnado v. Lynd Mgmt. Group*, No. CV 25-1718, 2026 WL 2066107, at *2 (E.D. La. July 17, 2026) (granting with-prejudice dismissal of Title VII claims for which amendment would not cure legal deficiency). Accordingly, Plaintiff's Title VII claim shall be dismissed with prejudice.

**B. The ADEA**

The ADEA prohibits employers from discriminating against employees because of age. *See* 29 U.S.C. § 623(a). Under the ADEA, "[i]t shall be unlawful for an employer to . . . discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). "The ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). Thus, "[t]o establish a disparate-treatment claim under this plain language," Plaintiff must demonstrate that her age was the "but-for" cause of her May 23, 2025 termination. *Id.*; *see also Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (citing *Gross*, 557 U.S. at 177). While Plaintiff need not plead a *prima facie* case of ADEA discrimination at the Rule 12(b)(6) stage, she "is still required 'to plead sufficient facts on all of the ultimate elements' of her claim." *Norsworthy v. Houston Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)) (affirming dismissal of ADEA claims).

[3] Moreover, there is no evidence in the record that Plaintiff brought any claims based on discrimination due to race, color, religion, sex, or national origin before the EEOC.

Federal district courts in this circuit have dismissed ADEA claims at the 12(b)(6) stage for failure to demonstrate "but for" or "because of" causation. In *Washington v. East Baton Rouge Parish School System*, the court dismissed the plaintiff's ADEA claim because he alleged only that his employer "committed age discrimination" and that he was over the age of 40. No. Civ. A. 10-503, 2011 WL 4914968, at *5 (M.D. La. Oct. 14, 2011). In addition, in *Dukes v. Arc of Eastern Ascension*, the court dismissed an ADEA claim when the plaintiff failed to allege that her age was the but-for or "because of" reason of her termination. No. CV 18-697, 2019 WL 3240053, at **2-3 (M.D. La. July 18, 2019). That court held that it was "insufficient for the plaintiff to plead her age and make a conclusory assertion that her termination was the result of 'unlawful discrimination against her based on her age,'" particularly given the other potentially plausible reasons for her termination. *Id.* at *3 (emphasis added). Consequently, that the plaintiff merely stated her age and summarily alleged age discrimination "d[id] not move the needle on [her] burden to show that she was terminated because of her age." *Id.*; *see also Washington*, 2011 WL 4914968, at *5 (granting motion to dismiss when the plaintiff made only conclusory allegations that adverse action was because of his age).

The Court finds that Plaintiff's Complaint fails to meet the ADEA's "but-for" causation standard. Plaintiff merely alleges that she is over 40 years old and that she was terminated on May 23, 2025. (Rec. doc. 4 at 4-5). The Complaint contains no facts whatsoever – conclusory, plausible, or otherwise – alleging that her termination was in any way motivated by age, let alone "because of" her age. (Rec. doc. 4 at 4-5). Likewise, Plaintiff's Complaint contains no facts establishing age-based differences between herself and any colleague. *See generally id.* Plaintiff's limited allegations are even less compelling than those alleged in

*Dukes* and fail to approach the Supreme Court's threshold inquiry articulated in *Gross*. Thus, Plaintiff's allegations in her Complaint, accepted and construed as true on their face, lack sufficient factual support to state a facially plausible claim of age-based discrimination. Accordingly, the Court will dismiss Caldwell's ADEA discrimination claim without prejudice.

**C. The ADA**

**1. Reasonable Accommodation**

Under the ADA, an employer is prohibited from failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Thus, to state an ADA discrimination claim for failure-to-accommodate, as alleged here, Plaintiff must show that: (1) she is a qualified individual with a disability; (2) her disability and its limitations were known by Einstein; and (3) Einstein failed to make reasonable accommodations for such known limitations. *Strife v. Aldine Ind. Sch. Dist.*, 138 F.4th 237, 245 (5th Cir. 2025) (citing *Amedee v. Shell Chem., L.P.*, 953 F.3d 831, 837 (5th Cir. 2020); *Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013)). Crucially, Caldwell makes no attempt to plead that she is disabled, the establishment of which is a "threshold requirement" necessary to trigger applicability of the statute. *Tyler v. La-Z-Boy Corp.*, 506 F. App'x 265, 267 (5th Cir. 2013) (citing *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir. 2003)). Indeed, Plaintiff pleads only that she "was placed on medical leave by [her] physician" due to unspecified affects to her "mental and physical health." (Rec. doc. 4 at 4-45).

Having alleged no disability, it follows that Plaintiff fails to allege that Einstein refused to make reasonable accommodation or otherwise took adverse actions against her on account of a disability. Accordingly, the Court will dismiss without prejudice Plaintiff's disability discrimination claim for failure to plead sufficient factual support for such a claim.

**2. Retaliation Under Both the ADEA and the ADA**

Plaintiff's retaliation claim suffers a similar fate. To state a retaliation claim under either the ADEA and ADA, Plaintiff must show "that (1) she participated in a protected activity, (2) she suffered an adverse employment action by her employer, and (3) there is a causal connection between the protected activity and the adverse action." *See, e.g., Green v. Ochsner LSU Health Shreveport*, No. CV 22-1422, 2024 WL 1057217, at *11 (W.D. La. Mar. 11, 2024) (citing *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) ("This Court uses the same standards of proof for indirect discrimination claims under the ADEA as it does for Title VII.")); *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304, n.3 (5th Cir. 2020) (noting that ADA retaliation claims "employ the same burden-shifting scheme applicable to claims under Title VII.").

The Court finds that Plaintiff fails to plead the first and most elementary element of a retaliation claim – that she engaged in protected activity. Because the Title VII retaliation analysis controls ADEA and ADA retaliation claims, "protected activity" is defined as "opposition to any practice rendered unlawful by [the ADEA or ADA], including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing." *Id.* A plaintiff's opposition to an employer's conduct, standing alone, does not satisfy this requirement. *Rodrigue v. PTS Mgmt. Grp., L.L.C.*, 550 F. Supp. 3d 376, 400 (W.D. La. 2021) ("Evidence that the plaintiff opposed the defendant's conduct, standing alone, does not

satisfy the opposition clause. Rather, the clause 'requires opposition *of a practice made unlawful by Title VII*.'") (quoting *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016) (emphasis in original)). "Rather, the clause 'requires opposition of a practice made unlawful by Title VII," and, by proxy, the ADEA and ADA. *Id.* (quoting *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240 (5th Cir. 2016)); *see also Lyons*, 964 F.3d at 303. Therefore, to trigger protected activity, the plaintiff "must give the employer some notice of how the conduct is discriminatory." *Id.* (citing *Tratree*, 277 F. App'x at 395).

Caldwell, however, fails to establish that she opposed an employment practice made unlawful by the ADEA or ADA. She alleges only that she "attempted to file charges on job harassment in 2024." (Rec. doc. 4 at 4). Caldwell fails to articulate the basis for these nondescript "charges" and likewise fails to articulate whether Einstein was aware of any protected basis for the same. (*Id.*). Thus, The Court finds that Plaintiff's allusion to vague, non-specific "charges" does not satisfy the protected activity pleading requirement, warranting dismissal without prejudice of her retaliation claims.

## IV. Motion for Appointment of Counsel

Because the undersigned will allow Plaintiff leave to amend her Complaint in part in line with Fifth Circuit precedent,[4] the Court must now address her Motion for Appointment of an Attorney. (Rec. doc. 13). The Court's power to "appoint counsel" is derived from 28

[4] "[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing. *See Cates v. International Telephone and Telegraph Corp.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances."). Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so. *See O'Brien v. National Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000).

U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." Plaintiff has neither a constitutional nor an automatic right to appointed counsel in a civil case. *See Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977). Unlike a criminal defendant, an indigent civil rights litigant, even if currently incarcerated, does not have a right to appointed counsel absent "exceptional circumstances." *See Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)*; Akasike v. Fitzpatrick,* 26 F.3d 510, 512 (5th Cir. 1994); *Vitug v. Merit Sys. Protection Bd.*, Civ. A. No. 01-3297, 2002 WL 1216023 (E. D. La. June 4, 2002). Indeed, the federal court has considerable discretion in determining whether to make such an appointment in a civil case. *See Salmon v. Corpus Christi Indep. School Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990). The Court has discretion to appoint counsel in such a case if doing so would advance the proper administration of justice. *See Ulmer v. Chancellor,* 691 F.2d 209, 212-13 (5th Cir. 1982); *Salmon*, 911 F.2d at 1166. The plaintiff bears the burden of persuasion as to the necessity of such an appointment. *See Caston,* 556 F.2d at 1310. The evidence that must be adduced includes (1) plaintiff's indigence and (2) efforts made by Plaintiff to secure counsel. *Id.*

These are bare minimum *threshold* considerations. however. Additionally, the Court should consider the following factors:

(a) the type and complexity of the case;
(b) whether the indigent is capable of presenting his case adequately;
(c) whether he is in a position to investigate his case adequately; and
(d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.

*Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213. The Court also considers whether appointment of counsel would be of service to the court and the defendant by sharpening the issues in the case. *Id.*

The Court finds that Plaintiff's indigence weighs in favor of the appointment of counsel. And while Plaintiff alleges that she contacted 27 attorneys to represent her – which would weigh in her favor – there is no evidence in the record that she did so. Generally, a *pro se* plaintiff attaches some sort of letter and/or email to her motion in which an attorney declines to represent that party because of her indigence. She maintains that she could not retain an attorney because all 27 attorneys declined to represent her because she cannot afford to pay, but cases like this reward fees and costs to prevailing parties so as to encourage counsel to represent indigent plaintiffs. *See* 42 U.S.C. § 12205 (ADA); *Kennedy v. Parkview Baptist Sch., Inc.*, No. 13-478-SCR, 2015 WL 6680872, at *2 (M.D. La. Nov. 2, 2015) ("The Fair Labor Standards Act's ("FSLA") attorney's fee statute, *which applies to age discrimination claims under the ADEA*, mandates only that a district court award attorney's fees to a plaintiff who is a prevailing party. 29 U.S.C. §§ 216(b) and 626(b).") (emphasis added).

In this lawsuit, the Court finds that Plaintiff has been able to present her claims adequately as well. She drafted her Complaint and her pauper application. She also drafted the motion to appoint counsel and her opposition to Defendants' motion to dismiss. This is a run-of-the-mill disability lawsuit, and since this Court will grant Plaintiff leave to amend in an attempt to fix her Complaint – the roadmap of which the Court has provided above – Plaintiff should now have a better idea of what information she needs to plead to survive any future motion to dismiss. Plaintiff is not a prisoner confined to a prison cell, so she will be able to investigate her claims to uncover evidence to support them. In short, because the issues here are based on discrete incidents, the Court does not find that counsel is necessary to sharpen the claims and issues for either the Court or Defendants.

**V. Conclusion**

Accordingly, and for the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART** as follows.

**IT IS ORDERED** that the motion is **DENIED** under Rules 12(b)(2), 12(b)(4), and 12(b)(5).

**IT IS FURTHER ORDERED** that the motion is **GRANTED** under Rule 12(b)(6). Plaintiff's claims under Title VII are **DISMISSED WITH PREJUDICE** for failure to state a claim. Plaintiff's claims under the ADEA and the ADA are **DISMISSED WITHOUT PREJUDICE**, and the Court grants Plaintiff leave to amend her Complaint in accordance with this Court's Order and Reasons within 21 days from the date on which it issues.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Appointment of an Attorney. (Rec. doc. 13) is **DENIED.**

New Orleans, Louisiana, this 9th day of September, 2026.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**